In the matter of the granting of letters of administration upon the goods, chattels and credits which were of ANTHONY CRESSE, deceased, late of Cape May county.

1. Where the next of kin waived their claims to administration, *Held*, that the orphans' court might lawfully, in its discretion, appoint a stranger; and it is not error that the court in such case selected as administrator the stranger nominated by one of the next of kin, instead of the one nominated by the other two.

2. The right of the next of kin to administration is personal. They have no right of nomination or selection.

Appeal from the order of the orphans' court of the county of Cape May, granting letters of administration of the goods, chattels and credits which were of Anthony Cresse, deceased.

*Mr. John S. Mitchell*, for appellants.

*Mr. John B. Huffman*, for respondent.

THE ORDINARY.

The next of kin to the intestate were his mother (his father was dead), Mrs. Hannah Hildreth, wife of John M. Hildreth, and his two sisters, Martha A. Smith, wife of Richard C. Smith, and Lydia B. Sutton, wife of Joseph B. Sutton. His mother and her husband filed a caveat against granting administration of his estate. Citations having been issued and duly returned served, and the court having, according to the statement of the decree, heard the argu-

On granting letters of administration on estate of Anthony Cresse.

ment of the counsel of the caveators and the counsel of Mrs. Smith and Mrs. Sutton, and examined into and considered the facts and circumstances of the case, decreed that administration be committed to the respondent, who was not of kin to the intestate, upon his giving bonds according to law. From this decree Mrs. Smith and Mrs. Sutton and their husbands appealed. No testimony has been sent up with the record. It appears, however, by the petition of appeal, that the caveat was, in fact, filed against granting administration to Mr. Smith, and that Mrs. Smith and Mrs. Sutton urged his appointment. Neither the mother nor either of the sisters appears to have been willing to take the administration. The ground of appeal, as stated in the petition of appeal, is that the court should have appointed Mr. Smith, because his wife and her sister, two of the three persons entitled to distribution of the estate, requested it. The right of the next of kin to administration is personal. They have no right of nomination or selection. If they will not accept administration, it is for the court to appoint, in its discretion, such other proper person or persons as will accept it. In this case it is not only not alleged that either of the next of kin was willing to accept administration, but, on the other hand, it appears, from the petition of appeal, that the ground of complaint is the refusal of this court to appoint, at the dictation of two of the three persons entitled to distribution of the estate, a person administrator who was not of kin to the intestate. Mrs. Smith and Mrs. Sutton requested that administration be committed not to themselves or to either of them, but to Mr. Smith, and the widow asked that it should be granted to the respondent. The next of kin having thus waived their right of administration, the court selected one of the two strangers who were proposed. There was no error in this. The decree of the orphans' court will be affirmed, with costs.